UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CARLA GHIPSMANN,

    Plaintiff,

v.

EMPIRE TODAY, LLC, and
CHARLESBANK CAPITAL PARTNERS, LLC,

    Defendants.

_____/

## COMPLAINT

Plaintiff, CARLA GHIPSMANN ("Plaintiff"), hereby sues Defendants, EMPIRE TODAY, LLC ("Empire"), and CHARLESBANK CAPITAL PARTNERS, LLC ("Charlesbank"), (collectively referred to hereinafter as "Defendants"), and alleges as follows:

## INTRODUCTION

This lawsuit stems from Defendants' inability to live up to their end of the bargain. Defendants' business model is rooted in making misrepresentations and false promises of "quality" products and customer service, and they used the same strategy also toward their employees. Defendants promised Plaintiff more than they could offer to lure her into an employment relationship, and subsequently failed to honor the promises given by them *via* incentive agreement with Plaintiff.

1 | P a g e

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

## PARTIES, JURISDICTION AND VENUE

1. This is an action by Plaintiff for damages in excess of $75,000.00, interest, and attorneys' fees and costs.

2. Plaintiff is an individual over the age of eighteen (18) and is otherwise *sui juris*.

3. Defendant Empire is a foreign limited liability company with principal place of business in Northlake, Illinois.

4. Defendant Charlesbank is a foreign limited liability company with principal place of business in Boston, Massachusetts.

5. At material times hereto, Defendants acted as joint employers, co-employers and/or in joint enterprise in connection with Plaintiff's employment as they shared ownership, workspace, and employees.

6. During the relevant period, Plaintiff was controlled by Defendants.

7. During the relevant period, Defendants set Plaintiff's schedule.

8. During the relevant period, Plaintiff reported to Defendants' management and supervisory personnel.

9. Defendants provided materials and supplies to be used by Plaintiff when performing work for Defendants.

10. Plaintiff was formerly employed by Defendants in Broward County, Florida.

11. Venue is proper in this Court because Defendants conduct business in Broward County, employed Plaintiff in Broward County, and the claims arose within Broward County.

2 | P a g e

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

12. All conditions precedent for the filing of this action before this Court have been previously met.

## GENERAL ALLEGATIONS

13. At all times material hereto, Defendants were, and continue to be, "employers" within the meaning of 29 U.S.C. § 203 (d).

14. At all times material hereto, Plaintiff was an "employee" within the meaning of the Fair Labor Standards Act ("FLSA").

15. At all times material hereto, Defendants were "employers" within the meaning of the FLSA.

16. Upon information and belief, Defendants' annual gross income significantly exceeds the $500,000.00 annual income threshold set for enterprise coverage under the FLSA.

17. At all relevant times, Defendants employed two or more employees that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

18. Upon information and belief, Defendants obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do business, transmitted funds outside of the State of Florida and used electronic means to market and run their business internationally (i.e., sales).

3 | P a g e

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

19. Defendants, at all material and relevant times, were engaged in interstate commerce and subject to enterprise coverage under the FLSA.

## BACKGROUND

20. Plaintiff is an installation professional in the flooring industry with significant experience in facilitating flooring installations and devising transportation logistics.

21. Defendant Empire is a manufacturer, supplier, and installer of flooring products such as carper, hardwood, vinyl, and laminate flooring.

22. Defendant Charlesbank is a leading middle market private equity investment firm invested, and with substantial ownership interest, in Defendant Empire.

23. On July 8, 2021, Defendants sent Plaintiff an employment offer letter for the position of Installation Manager ("Offer Letter") located in Deerfield Beach, Florida. A copy of the offer letter is attached hereto as **Exhibit A**.

24. Plaintiff was a "Manager" in name only.

25. Plaintiff's primary job responsibility was to arrange logistics for installation projects undertaken by Defendants.

26. At no time during her employment with Defendants did Plaintiff directly supervise nor manage anyone.

27. Plaintiff had no authority to exercise independent discretion and/or control with respect to any aspect of her job duties which were predetermined by management, customers, installers and other third parties.

4 | P a g e

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

28. Plaintiff's Offer Letter sets forth Plaintiff's compensation structure and her eligibility "to participate in [the] Field Management incentive plan…[and] includes monthly and quarterly components." *See* **Exhibit A**.

29. The Offer Letter was executed by Miriam Velazquez, Defendants' Corporate Recruiter, on behalf of Defendants, which Plaintiff electronically signed on July 10, 2022. *See* **Exhibit A**.

30. Plaintiff's base salary under the Offer Letter was, in no way, conditioned on profitability, revenue or performance.

31. On July 8, 2021, Plaintiff also received an invitation to "participate in Empire Today's 2021 Field Management incentive program *[sic]*." A copy of the 2021 Field Management Incentive Program ("2021 Incentive Program") is attached hereto as **Exhibit B**.

32. Pursuant to the 2021 Incentive Program, "In addition to [Plaintiff's] base salary, effective as of January 1, 2021, and for the 2021 calendar year…you are eligible to receive the following incentive bonuses on a monthly and quarterly basis." *See* **Exhibit B**.

33. The 2021 Incentive Program states:

*(1) Monthly. The monthly program pays a variable percentage of your monthly target based on your market's actual direct margin as a percentage of your market's budgeted direct margin for that month.*

*(2) Quarterly. The quarterly program pays a variable percentage of your quarterly target based on the weighted combination Market (80%) and Company (20%) performance.*

5 | P a g e

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

*See* **Exhibit B**.

34. Plaintiff's target incentive compensation, or percentage of Plaintiff's base salary eligible for bonus, was up to 25%. *See* **Exhibit B**.

35. "[T]he maximum payout will be 200% of your target incentive…" *See* **Exhibit B**.

36. For the monthly bonus, the 2021 Incentive Program states, "After the final Company accounting close of each market, we will divide (i) actual direct margin dollars for your market according to the market P&L by (ii) the budgeted direct margin dollars for your market for that month." *See* **Exhibit B**.

37. For the quarterly bonus, the 2021 Incentive Program states, "After the accounting close is final for each fiscal quarter, the intersection of (i) your market's actual NPS and (ii) your market's actual Market Operating Profit will be used to locate a cell in the matrix. The value in the cell where those two actuals intersect will be the payout percentage for that quarter." *See* **Exhibit B**.

38. *Caveat*, "The Company may change or revoke participation at its sole discretion, in which case, <u>notice shall be provided</u>." *See* **Exhibit B**.

39. The 2021 Incentive Program also states, Defendants "may change, suspend, or cancel this program for any or no reason, in which case, <u>we will notify you</u>…" *See* **Exhibit B**.

40. Plaintiff elected to participate in the 2021 Incentive Program to avail herself to monthly and quarterly bonus compensation, in addition to her base salary.

6 | P a g e

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

41. Plaintiff never received notice from Defendants of a change or revocation to her participation in the 2021 Incentive Program, or that she was ineligible for same, as required by the "terms and conditions" of the 2021 Incentive Program.

42. Absent requisite notice, Defendants unilaterally deprived Plaintiff of bonus compensation—monthly and quarterly—to which she was entitled.

43. Plaintiff customarily and regularly worked in excess of forty (40) hours per week for Defendants.

44. Plaintiff was denied overtime compensation by Defendants for hours Plaintiff actually worked in excess of forty (40) hours per week.

45. Defendants never paid Plaintiff at time-and-one-half rate of pay as required by the FLSA.

46. Plaintiff worked long, arduous hours and time for Defendants—hours that regularly exceeded forty (40) hours weekly.

47. Plaintiff was not a salaried employee.

48. Rather, as her pay records show, Plaintiff was treated as an hourly employee whose compensation was reduced if Plaintiff did not work, at least, eighty hours per pay period.

49. To make matters worse, Plaintiff's hours were inexplicably reduced by Defendant, weekly, to equal eighty (80) hours per pay period; however, Plaintiff worked well over forty (40) hours per week for which she was never compensated.

7 | Page

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

50. Plaintiff is entitled to the overtime rate of pay for all hours she worked over forty (40) per week—which she was summarily deprived.

51. Plaintiff complained and objected to Defendant's illegal pay policies and practices throughout her employment.

52. Plaintiff's complaints and objections were never remedied, but worse, Defendants' violations of the FLSA continued willfully and intentionally.

52. Plaintiff engaged in various instances of protected activity prior to the filing of this lawsuit by advising Defendants and its management of her entitlement to unpaid wages under the FLSA.

53. Defendants retaliated against Plaintiff for engaging in such protected activity in the form of dereliction of the terms and conditions and privileges of Plaintiff's employment and intolerable work environment which led to Plaintiff's constructive discharge.

53. Plaintiff was constructively discharged by Defendants in September 2021.

54. Any reasons proffered by Defendants to justify Plaintiff's unlawful termination is nothing more than pretext.

## COUNT I

## BREACH OF CONTRACT (EMPIRE)

54. Plaintiff re-alleges and incorporate by reference the allegations in paragraphs 1 through 54 above as if fully set forth herein.

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

55. Defendants entered into an agreement with Plaintiff as set forth in Plaintiff's Offer Letter and 2021 Incentive Program.

56. Defendants breached the 2021 Incentive Program depriving Plaintiff of quarterly and monthly bonus incentives.

57. Plaintiff has suffered damages from Defendant's breach of the 2021 Incentive Program.

**WHEREFORE**, the Plaintiff demands judgment against Defendants as follows:

   a. Award Plaintiff actual damages for the unpaid bonus compensation under the 2021 Incentive Program;

   b. Award Plaintiff compensatory damages;

   c. Award Plaintiff attorneys' fees and costs;

   d. Award Plaintiff all recoverable interest; and

   e. Award any other relief this Honorable Court deems just and proper.

## COUNT II

## BREACH OF CONTRACT (CHARLESBANK)

58. Plaintiff re-alleges and incorporate by reference the allegations in paragraphs 1 through 54 above as if fully set forth herein.

59. Defendants entered into an agreement with Plaintiff as set forth in Plaintiff's Offer Letter and 2021 Incentive Program.

60. Defendants breached the 2021 Incentive Program by depriving Plaintiff of quarterly and monthly bonus incentives.

9 | P a g e          PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

61. Plaintiff has suffered damages from Defendants' breach of the 2021 Incentive Program.

**WHEREFORE**, the Plaintiff demands judgment against Defendants as follows:

    f. Award Plaintiff actual damages for the unpaid bonus compensation under the 2021 Incentive Program;

    g. Award Plaintiff compensatory damages;

    h. Award Plaintiff attorneys' fees and costs;

    i. Award Plaintiff all recoverable interest; and

    j. Award any other relief this Honorable Court deems just and proper.

## COUNT III (EMPIRE)

## UNPAID OVERTIME VIOLATION UNDER THE FLSA

55. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 51 as if fully set forth herein.

62. As part of its business, Empire sold materials and products that traveled through interstate commerce during the relevant period.

63. During the relevant period, Empire obtained and solicited funds from non-Florida sources (*i.e.,* sales), accepted funds from non-Florida sources, used telephonic and electronic means to market and conduct business outside of the State of Florida, used telephonic and electronic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce.

10 | P a g e

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

64. During the relevant period, Empire, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments that were made or processed in connection with sales made inside and outside the state of Florida.

65. Defendants engaged in interstate commerce and were subject to the FLSA during all relevant periods.

66. During Plaintiff's employment with Defendants, Plaintiff worked over forty (40) hours per week on numerous occasions.

67. Despite customarily and regularly working overtime hours, and with knowledge of these overtime hours, Empire never compensated Plaintiff at the rate of time-and-a-half for all overtime hours worked.

68. Defendants intentionally refused to pay Plaintiff overtime wages she is owed under the FLSA.

69. Defendants are in violation of the FLSA and owes Plaintiff backpay.

70. In addition, Defendants are liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

k. Enter judgment against EMPIRE under the FLSA;

l. Award Plaintiff actual damages for the unpaid overtime wages;

m. Award Plaintiff liquidated damages;

n. Award Plaintiff attorneys' fees and costs;

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

  o. Award Plaintiff all recoverable interest; and

  p. Award any other relief this Honorable Court deems just and proper.

## COUNT IV (CHARLESBANK)

## UNPAID OVERTIME VIOLATION UNDER THE FLSA

56. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 51 as if fully set forth herein.

71. As part of its business, Defendants sold materials and products that traveled through interstate commerce during the relevant period.

72. During the relevant period, Defendants obtained and solicited funds from non-Florida sources (*i.e.,* sales), accepted funds from non-Florida sources, used telephonic and electronic means to market and conduct business outside of the State of Florida, used telephonic and electronic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce.

73. During the relevant period, Defendants, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments that were made or processed in connection with sales made inside and outside the state of Florida.

74. Defendants engaged in interstate commerce and were subject to the FLSA during all relevant periods.

75. During Plaintiff's employment with Charlesbank, Plaintiff worked over forty (40) hours per week on numerous occasions.

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

76. Despite customarily and regularly working overtime hours, and with knowledge of these overtime hours, Charlesbank never compensated Plaintiff at the rate of time-and-a-half for all overtime hours worked.

77. Charlesbank intentionally refused to pay Plaintiff overtime wages she is owed under the FLSA.

78. Defendants are in violation of the FLSA and owes Plaintiff backpay.

79. In addition, Defendants are liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

q. Enter judgment against CHARLESBANK under the FLSA;

r. Award Plaintiff actual damages for the unpaid overtime wages;

s. Award Plaintiff liquidated damages;

t. Award Plaintiff attorneys' fees and costs;

u. Award Plaintiff all recoverable interest; and

v. Award any other relief this Honorable Court deems just and proper.

## COUNT V

## FLSA RETALIATION (EMPIRE)

80. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 51 above as if fully set forth herein.

81. Defendants are employers under the FLSA.

13 | Page

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

82. Plaintiff is an employee of Defendants and was so during the relevant period.

83. Defendants controlled the day-to-day operations of Plaintiff and did so during the relevant period.

84. Plaintiff engaged in various instances of protected activity prior to the filing of this lawsuit by advising Defendants and its management of her entitlement to unpaid wages under the FLSA.

85. Defendants retaliated against Plaintiff for engaging in such protected activity in the form of dereliction of the terms and conditions and privileges of Plaintiff's employment and intolerable work environment which led to Plaintiff's constructive discharge.

86. Plaintiff has suffered mental and emotional distress because of Defendants' retaliatory conduct.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against EMPIRE under the FLSA;

b. Award Plaintiff actual damages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff compensatory damages for mental and emotional distress;

e. Award Plaintiff her attorneys' fees and costs;

f. Award Plaintiff all recoverable interest; and

g. Award any other relief this Honorable Court deems just and proper.

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

## COUNT VI

## FLSA RETALIATION (CHARLESBANK)

87. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 51 above as if fully set forth herein.

88. Defendants are employers under the FLSA.

89. Plaintiff is an employee of Defendants and was so during the relevant period.

90. Defendants controlled the day-to-day operations of Plaintiff and did so during the relevant period.

91. Plaintiff engaged in various instances of protected activity prior to the filing of this lawsuit by advising Defendants of her entitlement to unpaid wages under the FLSA.

92. Defendants retaliated against Plaintiff for engaging in such protected activity in the form of dereliction of the terms and conditions and privileges of Plaintiff's employment and intolerable work environment which led to Plaintiff's constructive discharge.

93. Plaintiff has suffered mental and emotional distress because of Defendants' retaliatory conduct.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against CHARLESBANK under the FLSA;

b. Award Plaintiff actual damages;

c. Award Plaintiff liquidated damages;

15 | P a g e      PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

      d.      Award Plaintiff compensatory damages for mental and emotional distress;

      e.      Award Plaintiff her attorneys' fees and costs;

      f.      Award Plaintiff all recoverable interest; and

      g.      Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

Dated: March 21, 2022.

Respectfully submitted,

By: **/s/ Alexander T. Harne**
Alexander T. Harne, Esq.
Florida Bar No. 109482
harne@pba-law.com
**PERERA ALEMAN, P.A.**
12555 Orange Drive, Second Floor
Davie, Florida 33330
Telephone: 786-485-5232
*Counsel for Plaintiff*

16 | P a g e

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com