# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 22-CV-60590-RAR

**CARLA GHIPSMANN**,

    Plaintiff,

v.

**EMPIRE TODAY, LLC**, *et al.*,

    Defendants.

_____/

### ORDER GRANTING JOINT MOTION FOR APPROVAL OF SETTLEMENT

**THIS CAUSE** comes before the Court upon the parties' Amended Joint Motion for Approval of FLSA Settlement [ECF No. 16] ("Motion"), filed on June 9, 2022.  The Court has reviewed the Motion and the record and is otherwise fully advised in the premises.  For the reasons set forth herein, it is hereby

**ORDERED AND ADJUDGED** that the Motion [ECF No. 16] is **GRANTED**.

### BACKGROUND

On March 21, 2022, this case alleging violations of the Fair Labor Standards Act ("FLSA") was filed in this Court [ECF No. 1].  On April 25, 2022, the Court granted the parties' Joint Motion to Compel Arbitration and Stay Proceedings Pending Final Outcome of Arbitration, [ECF No. 8], and stayed the case pending the outcome of arbitration, [ECF No. 10].  The parties filed their first motion seeking approval of their settlement agreement and requesting that the Court dismiss the case with prejudice on May 19, 2022, [ECF No. 11], which the Court denied on procedural grounds, [ECF No. 13].  The parties have filed the instant Motion to resolve the deficiencies found in the original motion.

According to the Settlement Agreement, attached as an exhibit to the Motion, the parties have agreed to resolve this dispute for $30,000, allocated as follows: $20,000 to Plaintiff ($3,500 in unpaid wages, $3,500 in liquidated damages, and $13,000 in satisfaction of other claims) and $10,000 to Plaintiff's counsel for attorney's fees and costs.  Settlement Agreement [ECF No. 16-1] at 2.

## ANALYSIS

Before a court may approve a proposed settlement under the FLSA, it must scrutinize the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354–55 (11th Cir. 1982).  If the settlement reflects a reasonable compromise over FLSA issues that are in dispute, the Court may approve the settlement "to promote the policy of encouraging settlement in litigation."  *Id.* at 1354.  The following factors are typically considered when determining whether a settlement is fair and reasonable: "(1) the existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel."  *Mason v. Wyndham Vacation Ownership, Inc.*, No. 6:10-1805, 2012 WL 570060, at *3 (M.D. Fla. Feb. 17, 2012) (citation omitted); *see also Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. Apr. 19, 2010).

The FLSA also requires the award of reasonable attorney's fees to the prevailing employee. *Dale v. Comcast Corp.*, 498 F.3d 1216, 1223 n.12 (11th Cir. 2007).  The district court is required to review the award of attorney's fees for reasonableness to "assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."  *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). The "FLSA provides for *reasonable* attorney's fees; the parties cannot contract in derogation of

[the] FLSA's provisions . . . . To turn a blind eye to [a] . . . fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to [the] FLSA's provisions for compensating the wronged employee." *Id.* at 351–52 (emphasis added) (citations omitted). "[T]he best way to [e]nsure that no conflict has tainted the settlement is for parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009); *see also Dees*, 706 F. Supp. 2d at 1243.

Upon review of the record and the parties' documented basis for settlement of this FLSA case, including an award of attorneys' fees to Plaintiff's counsel, the Court finds that settlement of this action is fair and reasonable, and the requested fee is fair and reasonable and not grossly excessive.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.      The Motion [ECF No. 16] is **GRANTED**.

2.      The Settlement Agreement [ECF No. 16-1], which has been duly filed as a record of the Court, is **APPROVED**.

3.      The above-styled action is **DISMISSED** *with prejudice*.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 9th day of June, 2022.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**